UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CRYSTAL ZANGHI, Individual and as Administrator of the Estate of Jose A. Muniz III, and JOSE A. MUNIZ, JR, Individually and as Administrator of the Estate of Jose A. Muniz, III,

Plaintiffs,

v.

**DECISION AND ORDER**
12-CV-765S

SISTERS OF CHARITY HOSPITAL OF BUFFALO, NEW YORK, CATHOLIC HEALTH SYSTEM, INC., D/B/A SISTERS OF CHARITY HOPSITAL, MICHELE H. FRECH, D.O., NORTHWEST BUFFALO COMMUNITY HEALTH CARE CENTER, INC., JAIME REHMANN, D.O., CHRISTIAN CHOUCHANI, D.O.,GABRIEL CHOUCHANI, M.D., BUFFALO NEONATOLOGY ASSOCIATES, P.C., KAMAL SINGAL, M.D., and GEORGE ALBERT, M.D.

Defendants.

## I. INTRODUCTION

This case began when Crystal Zanghi and Jose Muniz, Jr., on behalf the estate of their infant son, Jose Muniz III, brought a negligence action in New York state court against several defendants involved in the birth and subsequent care of Muniz III. Thereafter, Defendant Sisters of Charity Hospital of Buffalo, New York, Catholic Health System Inc., d/b/a Sisters of Charity Hospital, as well as Jamie Rehmann, D.O., and Christian Chouchani, D.O., (collectively "Sisters Hospital") answered and, in the process, filed a cross-claim against Defendants Michele H. Frech, D.O. and Northwest Buffalo Community Health Care Center, Inc. ("Northwest").

Unbeknownst to Plaintiffs, however, Dr. Frech and Northwest were "public health service employees" as defined by the Federally Supported Health Centers Assistance Act. 42 U.S.C. § 233(g)-(n). As such, they are deemed federal employees, covered under the Federal Tort Claims Act ("FTCA"), and all claims against them must be brought against the United States. See 28 U.S.C. §§1346(b), 2401(b), 2671–80; Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States). Accordingly, the United States removed this action, and has moved, unopposed, to be substituted as the proper party for Dr. Frech and Northwest. (Docket No. 4).

Additionally, the United States moves to dismiss all claims for lack of subject matter jurisdiction – including Sisters Hospital's cross-claims – because Plaintiffs failed to file an administrative claim, as required by 42 U.S.C. § 233(a) and 28 U.S.C. § 2675. Once again, Plaintiffs do not oppose this motion, conceding their inability to sustain their claim against the United States without first availing themselves of administrative remedies.

Sisters Hospital, however, opposes the motion to dismiss as it applies to them. They contend that, because the United States is a defendant in their cross-claim, this Court must retain jurisdiction over that claim. To this end, anticipating that the United States will be dismissed as against the original plaintiffs, Sisters Hospital has filed a motion to convert their cross-claim to a third-party claim. (Docket No. 13.) Alternatively, they seek leave to file a third-party claim. (Id.)

The United States opposes this motion, and argues that this Court lacks subject matter jurisdiction over the cross-claim, rendering dismissal mandatory. This Court also requested supplemental briefing on the issue of derivative jurisdiction, and the Government

argues that this doctrine also mandates dismissal.

## II. DISCUSSION

As an initial matter, having met the requirements under 42 U.S.C. § 233, the United States' motion to be substituted for Dr. Frech and Northwest will be granted. Further, there is no dispute that Plaintiffs have not followed the administrative procedures necessary to assert a claim against the United States in federal court. Thus, the United States' motion to dismiss will also be granted as against the original plaintiffs.

But FTCA's administrative exhaustion requirement does not apply to cross-claims. See 28 U.S.C. § 2675(a) ("The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."). Therefore, although the United States will be dismissed as against the original plaintiffs, Sisters Hospitals' cross-claim against the United States cannot be dismissed on the same grounds.

The United States, however, offers three reasons why the claim should nonetheless be dismissed.

First, the United States argues that because it will be dismissed as against the original plaintiffs, it is no longer a party to this case and any cross-claims against it should also be dismissed. But it is well settled that "a cross-claim, once properly made, does not cease to be proper because the defendant to whom it was addressed ceased to be a defendant." Lipford v. N.Y. Life Ins. Co., No. 02 CIV. 0092 (LTSHBP), 2003 WL 21313193, at *4 (S.D.N.Y. June 9, 2003) (quoting Shaps v. D.F.D.S. A/F Copenhagen, No. 83 Civ. 8091(CBM), 1985 WL 269 at *3 (S.D.N.Y. Feb. 13, 1985)). The cross-claim, now better

defined as a third-party claim, thus remains viable.[1]

Second, pointing to the well-pleaded complaint rule, the United States argues that this Court lacks subject matter jurisdiction over Sisters Hospital's claim. The well-pleaded complaint rule provides that for non-diversity cases to be removable, the complaint must establish that the case arises under federal law. Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 n. 12, 126 S. Ct. 2145, 165 L. Ed. 2d 92 (2006). Because this is a state-law, medical malpractice case, the United States contends that this Court lacks subject matter jurisdiction. But if jurisdiction were proper, it would not be because the well-pleaded complaint rule was satisfied. Indeed, provisions of the United States code that confer jurisdiction on federal courts where the United States is a party are "exception[s] to the well-pleaded complaint rule." Id.

The Government relies on Horn v. HT Associates, LLC, where, citing this doctrine, the court dismissed a proposed – not yet filed – third-party complaint against the United States. CIV 09-3362 (DRD), 2010 WL 1530624, at *4 (D.N.J. Apr. 15, 2010). But in a footnote, the Horn court recognized a pivotal distinction: "Important for the purposes of the Court's holding is the fact that Plaintiff had not asserted claims against the United States at the time of removal. Had he done so this Court would undisputedly have jurisdiction pursuant to 28 U.S.C. § 1346(a)."[2] 2010 WL 1530624, at *5 n. 3. Unlike the proposed complaint in Horn, Sisters Hospital's cross-claim and the U.S. Attorney's certification

---

[1] Whether the third-party claim can serve as the basis for subject matter jurisdiction is the topic of a later discussion. See *infra*, at 6.

[2] 28 U.S.C. § 1346(a) confers jurisdiction on district courts when the United States is a party.

existed at the time of removal. Consequently, Horn does not control.

Finally, this Court asked the parties to address the doctrine of derivative jurisdiction, which could operate to divest this Court of jurisdiction over this case. Under this doctrine, "where a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case . . . That is true even where the federal court would have jurisdiction if the suit were brought there." PT United Can Co. Ltd. v. Crown Cork & Seal Co., 138 F.3d 65, 72–73 (2d Cir. 1998) (quoting Freeman v. Bee Machine Co., 319 U.S. 448, 452, 63 S. Ct. 1146, 1148–49, 87 L. Ed. 1509 (1943)); see also Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co., 260 U.S. 261, 288, 43 S. Ct. 106, 67 L. Ed. 244 (1922) ("When a cause is removed from a state court into a federal court, the latter takes it as it stood in the former. A want of jurisdiction in the state court is not cured by the removal, but may be asserted after it is consummated.")

Although Congress has specifically abrogated the doctrine with respect to removals under the general removal statute, 28 U.S.C. § 1441, it has not done so with respect to removals under and 28 U.S.C. § 1442(a)(1) and 42 U.S.C. §233(c) – the latter of which is at issue in this case. Barnaby v. Quintos, 410 F. Supp. 2d 142, 143 (S.D.N.Y. 2005) (collecting cases in this Circuit and concluding that "all ha[ve] found that derivative jurisdiction continues to be the rule" under 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 2679(d)(2), and 42 U.S.C. § 233(c)). Thus, if Dr. Frech and Northwest are considered employees of the United States, the state court did not have jurisdiction over claims against them, as federal court is the exclusive forum for those claims.

This Court, however, finds the doctrine to be inapplicable here because the United States was not yet a party when this action was in state court. Pursuant to Section 233(c),

the United States did not move for substitution until it removed the case to this Court. As such, the state court did not lack jurisdiction over the claims against Dr. Frech and Northwest, and this Court is not deprived of jurisdiction upon removal. See Thompson v. Wheeler, 898 F.2d 406, 409 n. 2 (3d Cir. 1990) ("[F]ederal jurisdiction lies only *after* the Attorney General certifies that the federal [employee] was acting within the scope of his employment"); see also Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005) ("*Once such a case* [under Section 233] is removed, the United States can replace the named defendant as the allegedly liable party – and the case proceeds as a FTCA suit") (emphasis added).

Having rejected the Government's grounds for dismissal, this Court still must ensure that subject matter jurisdiction exists. This Court is satisfied that it does.

As noted, the United States removed this action under 42 U.S.C. § 233(c). That section provides that

> [u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any ... civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States.

Although the United States will be dismissed as against the original defendants, Sisters Hospital's third-party claim against the United States remains viable and it is a basis for this Court to exercise jurisdiction over the entire case.

There is a dearth of case law discussing Section 233(c) and third-party claims as they relate to subject matter jurisdiction. But Section 233(c) is similar to 28 U.S.C. §

1442(a)(1), which authorizes removal from state court by "[t]he United States or any agency thereof or any officer . . . sued in an official or individual capacity . . . ." Like Section 1442(a)(1), Section 233(c) authorizes removal when a federal officer, employee, or entity has been sued in state court. And both sections are "intended to protect federal interests by providing federal officials a federal tribunal in which to litigate matters concerning acts committed in their federal capacity." See In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 341 F. Supp. 2d 351 (S.D. N.Y. 2004) (quoting Reese v. S. Florida Water Mgmt. Dist., 853 F. Supp. 413, 414 (S.D. Fla. 1994)). Significantly, federal officers are entitled to remove an entire case under Section 1442 even if sued only as third-party defendants. And federal courts then have jurisdiction over the entire case. See Realty, Inc. v. City of Niagara Falls, N.Y., 754 F.2d 49, 55 (2d Cir. 1985) ("It seems clear that, in addition to conferring a right of removal upon the defendant, this statute [§ 1442] grants subject matter jurisdiction to the district court"); Reese, 853 F. Supp. at 414 ("§ 1442 is a jurisdictional grant in itself giving the federal court subject matter jurisdiction over the entire case" even when third-party defendant removes); Nolan v. Boeing Co., 919 F.2d 1058, 1066 (5th Cir. 1990) (noting that section "1442(a)(1) – which authorizes the removal of a 'civil action' by a federal officer or agency sued in state court – permits a federal officer or agency to remove the 'entire case' to federal court even though the removing party [is] a third-party defendant and only some of the claims in the case [are] asserted against the federal officer or agency"); 14C Charles Alan Wright, et al., Federal Practice and Procedure, § 3726 (4th ed. 2009) ("[R]ight of removal conferred on federal officers may be exercised even if . . . the federal officer has been sued as a third-party defendant rather than as an original defendant."). It follows then that if federal courts have jurisdiction over

claims removed by federal officers as third parties, they also have jurisdiction over cases, like this one, where a third-party claim against the United States remains after the United States has been dismissed from the original complaint.

## III. CONCLUSION

The United States has demonstrated that it is the proper party, and it will be substituted for Dr. Frech and Northwest. Plaintiffs concede that they failed to follow the administrative procedures necessary to bring a civil suit against the United States. Therefore, their claims against the United States will be dismissed. Their claims against Sisters Hospital and the other defendants, however, remain in tact, as no administrative requirement applies to these claims. Sisters Hospital's cross-claim against the United States also contains no administrative prerequisite, and, converted to a third-party claim, it serves as a subject-matter-jurisdiction anchor for the entire case in this Court.

## IV. ORDERS

IT HEREBY IS ORDERED, that the United States' motion to be substituted as a defendant in the place of Dr. Frech and Northwest (Docket No. 4) is GRANTED.

FURTHER, that the United States' motion to dismiss for lack of subject matter jurisdiction (Docket No. 4) is GRANTED as against the original plaintiffs, but DENIED in all other respects.

FURTHER, that Sisters Hospital's cross-claim will be converted into a third-party claim. To the extent their motion (Docket No. 13) sought this relief, it is GRANTED. To the extent it sought leave to file a third-party claim, it is DENIED as moot.

Dated: February 18, 2013
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court